CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 16 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMEL CLIFTON ALLEN,<br>                      *Defendant.* | CASE NO. 4:13-cr-00024<br><br>**ORDER**<br><br>JUDGE NORMAN K. MOON |

In 2014, Jamel Clifton Allen pleaded guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2213(a) and (d), and to possessing, carrying, and discharging a firearm in furtherance of a violent crime, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(iii). Dkt. 75 at 1. This Court sentenced Allen to 240 months' imprisonment, followed by four years of supervised release. Dkt. 127 at 2–3.

Allen seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Dkts. 184, 189. He first argues that Section 401(a)(1)(57) of the First Step Act negates his status as a career offender and provides an extraordinary and compelling reason for sentence reduction. Dkts. 184, 201. But because the First Step Act does not apply to his prior convictions or his most recent conviction, Allen remains a career offender today. He also claims that his obesity places him at a greater risk for severe COVID-19 complications and thus constitutes an extraordinary and compelling circumstance that warrants release. Dkt. 180 at 1. In April 2021, however, Allen refused to receive Pfizer's COVID-19 vaccine. Dkt. 199. If he accepted the vaccine, Allen would greatly mitigate any elevated risk of contracting or suffering severe consequences from COVID-19 due to his

1

underlying medical conditions and incarceration.[1] Finally, he suggests that his widowed mother's need for support might present an extraordinary and compelling circumstance warranting release, Dkts. 171, 180, but on this record, the Court cannot agree.

The Federal Public Defender declined to file additional pleadings regarding Allen's motions. Dkt. 180. The United States opposes Allen's motion. Dkt. 192. Under these circumstances, the Court finds no extraordinary and compelling reasons to grant compassionate release and will deny Allen's motions.

**Analysis**

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment for "extraordinary and compelling reasons," after the defendant has asked the Bureau of Prisons for relief and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A). A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. McMillan*, No. 7:08-cr-31, 2020 WL 3213399, at *2 (W.D. Va. June 15, 2020). If a defendant has exhausted his remedies and has shown that extraordinary and compelling reasons support a sentence reduction, the Court must further consider the applicable sentencing factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A).

---

[1] Studies indicate that Pfizer's vaccine is 95% effective at preventing COVID-19. Pfizer-BioNTech COVID-19 Vaccine Overview and Safety, CTRS. FOR DISEASE CONTROL & PREVENTION (May 21, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html.

1. Exhaustion of Administrative Remedies

The parties do not dispute that Allen exhausted his administrative remedies, as § 3582(c)(1)(A) requires. The warden of Allen's facility denied his written request for administrative reduction in sentence. Dkt. 189-1. Accordingly, the Court agrees with the parties that Allen satisfied § 3582(c)(1)(A)'s exhaustion requirement.

2. Extraordinary and Compelling Reasons

The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted) (emphasis in original).

A. *First Step Act*

Allen first claims that section 401(a)(1)(57) of the First Step Act of 2018 negates his status as a career offender, and that the difference between the sentence he received and the sentence he would face today constitutes an extraordinary and compelling reason warranting release. Dkts. 189 at 2, 201 at 1–2. Allen is mistaken. His status as a career offender has not changed, and thus there is no difference between the sentence he received and the one he would face today.

Section 401(a)(1)(57) modified the term "serious drug felony" in 21 U.S.C. § 802(57). The Government correctly notes that the definition of "serious drug felony" applies to sentencing enhancements for convictions under Title 21 of the United States Code for distribution of controlled substances. Dkt. 192 at 12; *see, e.g.*, 21 U.S.C. §§ 841(b)(1)(A) and (B). But Allen's convictions for armed bank robbery and discharging a firearm during a crime of violence fall under Title 18 of the United States Code. Dkts. 75, 127. Because Allen did not and could not receive a

sentencing enhancement for a "serious drug felony" for these offenses, the First Step Act's changes have no bearing on his sentence.

Nor does the First Step Act apply to any of Allen's prior convictions that served as predicate offenses in determining that he is a career offender. Under U.S.S.G. § 4B1.1:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Allen has met each of these conditions to qualify as a career offender. First, he was at least eighteen years old at the time he committed the armed bank robbery. Second, armed bank robbery in violation of 18 U.S.C. §§ 2213(a) and (d) is a felony that is a crime of violence. *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (citing *United States v. Davis*, 915 F.2d 132, 133 (4th Cir. 1990)) ("[A] § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2 . . . ."). And third, Allen has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Dkt. 131 ¶ 35. The definition of "controlled substance offense" for the career offender enhancement appears in U.S.S.G. § 4B1.2(b). A "controlled substance offense" under the Guidelines is not the same as a "serious drug felony" in 21 U.S.C. § 802(57), which applies to sentencing enhancements for offenses that fall under Title 21 of the United States Code. *See, e.g.*, 21 U.S.C. §§ 841(b)(1)(A) and (B). One of Allen's predicate offenses—a South Carolina state conviction for possession with intent to distribute crack cocaine, *id.* ¶ 48—is a controlled substance offense under § 4B1.2(b).[2] Nothing in the First Step Act alters that conclusion.

---

[2] Allen's other predicate offense—a South Carolina state conviction for assault and battery with intent to kill, *id.* ¶ 42—is a crime of violence under U.S.S.G. § 4B1.2(a). *See United States v. Dinkins*, 714 F. App'x 240, 242 n.1, 244 (4th Cir. 2017), *cert denied*, 138 S. Ct. 2013 (2018)

Because Allen continues to qualify as a career offender, the Court finds that Allen has not demonstrated an extraordinary or compelling circumstance warranting release on this basis.

B. COVID-19

Under some circumstances, "courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. 2020) (per curiam) (citation omitted).

Allen suffers from obesity. Dkt. 180 at 1. The Centers for Disease Control ("CDC") advise that "obesity can make you more likely to get severely ill from COVID-19."[3] By accepting the COVID-19 vaccine, however, Allen could have mitigated that risk. "Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated." *United States v. Poupart*, No. 3:11-cr-116, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021). Allen chose not to take that opportunity. Thus, the Court finds that Allen "cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety." *See United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021).

---

(finding that South Carolina assault and battery with intent to kill is a violent felony under Armed Career Criminal Act force clause, which is identical to force clause of § 4B1.2(a)); *see also United States v. Waters*, 697 F. App'x 760, 767 (4th Cir. 2017), *cert denied*, 138 S. Ct. 705 (2018) (finding that South Carolina assault with intent to kill is a crime of violence under residual clause of § 4B1.2(a), which was in effect until August 1, 2016, *see* U.S.S.G. app. C, amend. 798).

[3] *People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 15, 2021) (emphasis removed).

### C. Family Circumstances

Finally, Allen briefly mentions that his elderly mother—who currently cares for his twelve-year-old son—needs his support after his father's death two years ago. Dkts. 171, 180. Some courts have found extraordinary and compelling grounds for compassionate release if a defendant demonstrates that (1) a parent is incapacitated and (2) the defendant is the only possible caregiver for that parent. *United States v. Bucci*, 409 F. Supp. 3d. 1, 2 (D. Mass. 2019); *see* U.S.S.G. § 1B1.13 n.1.[4] Allen neither alleges that he is his mother's only possible caregiver nor that she is incapacitated. Dkts. 171, 180; *see United States v. Shovely,* No. 7:15-cr-00105, 2021 WL 667906, at *3 (W.D. Va. Feb. 19, 2021) ("Shovely's desire to care for his parents is admirable and [he] is their only child, but he has neither argued nor demonstrated that he is their 'only available caregiver,' as required by Application Note C.") (internal citation omitted). Additionally, Allen's mother cares for his son, Dkt. 180, eliminating the possibility that Allen might be his son's only available caregiver. *United States v. Lottier*, No. 7:16-cr-00030, 2020 WL 7233363, at *2 (W.D. Va. Dec. 7, 2020) ("[W]ith other suitable caregivers available [for his daughter], [defendant's] family circumstances do not rise to the level of extraordinary and compelling reasons to justify compassionate release."). Nor has Allen substantiated any argument that he is the only possible additional caregiver to assist his mother in caring for his son. Accordingly, the Court finds that Allen's family circumstances do not constitute extraordinary and compelling factors warranting release.

---

[4] Although this Court is not bound by the Sentencing Guidelines, they remain instructive. For instance, the Court notes that the only extraordinary and compelling family circumstances under the Guidelines involve "the death or incapacitation of the caregiver of a minor child, or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver." *United States v. Ware*, No. 5:15-cr-21, 2021 WL 262051, at *3 (W.D. Va. Jan. 26, 2021). None of those circumstances are present here.

**Conclusion**

For the reasons discussed, the Court **DENIES** Allen's motions for compassionate release under 18 U.S.C. § 3582(c), Dkts. 184, 189.

It is so **ORDERED**.

The Clerk of the Court is directed to send this Order to Defendant and all counsel of record.

Entered this ____16th____ day of July, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE