CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 15 2024

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 4:13-cr-00024-2 |
| v. | MEMORANDUM OPINION & ORDER |
| JAMEL CLIFTON ALLEN,<br><br>                      *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Jamel Clifton Allen pleaded guilty to armed bank robbery and carrying or using a firearm, including the brandishing and discharge of a firearm, during a crime of violence. He was sentenced to 240 months for each offense to be served concurrently. Defendant has now filed a motion seeking compassionate release. For the following reasons, the Court finds that he is not eligible for any reduction in his sentence and, accordingly, denies his motion.

## Background

Defendant committed an armed bank robbery in Virginia. He or his co-conspirator entered the bank wearing a mask and carrying a firearm. By threating the bank teller and brandishing the firearm, they stole approximately $7,300. They fled the crime scene and fired at least two shots at a vehicle occupied by an eyewitness who followed them.

## Analysis

Defendant has filed this motion based on an unusually long sentence and argues that there has been a change in law that permits the Court to consider whether he provides an extraordinary and compelling reason for a reduced sentence. Dkt. 221.

A sentencing court generally cannot "modify a term of imprisonment once it has been imposed." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). But a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction" after the defendant has petitioned the Bureau of Prisons and exhausted administrative remedies following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate relief is warranted. *United States v. Rice*, No. 3:05-cr-11, 2023 WL 3981274, at *2 (E.D. Va. June 13, 2023); *United States v. Griggs*, 462 F. Supp. 3d 610, 615 (D.S.C. 2020). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must further consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

The Government does not contest that Defendant has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A) prior to bringing the present motion for compassionate release. However, Defendant's request for a sentence reduction fails on the merits, because he has not shown any extraordinary and compelling reasons that would support a sentence reduction.

The Sentencing Commission's amendment to the Federal Sentencing Guidelines provides the following guidance regarding whether an unusually long sentence is an extraordinary and compelling circumstance to warrant a reduced sentence:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such

change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Defendant argues the 240-month sentence he is currently serving is unusually long. The term of imprisonment is partly based on him being a career offender.[1] Dkt. 221. He claims that he should not be categorized as a career offender and, if sentenced today, would receive a term of imprisonment of 183–198 months. *Id.* At sentencing for the armed robbery, Defendant was categorized as a career offender based on his two previous felony convictions: possession with intent to distribute cocaine and assault and battery with intent to kill when he fired a gun into another person's home. *Id.*

The crux of Defendant's argument is the Fourth Circuit's interpretation of South Carolina Code § 44-53-375(B), under which he was convicted of possession with the intent to distribute crack cocaine. *United States v. Jackson*—an unpublished, non-binding decision—stated that because a defendant's drug convictions could have been committed through inchoate conduct, they are not considered controlled substance offenses for the purposes of career offender status. No. 22-4179, 2023 WL 2852624 (4th Cir. Apr. 10, 2023).

The Fourth Circuit, in a published decision, held to the contrary that drug distribution charges—in violation of § 44-53-375(B)—were controlled substance offenses. *United States v. Davis*, 75 F.4th 428, 441 (4th Cir. 2023) (explaining that a person may be charged under § 44-53-375(B) with distributing or attempting to distribute a cocaine base). Further, the *Jackson*

---

[1] The status of a career offender exists if, *inter alia*, the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

3

panel did not have the benefit of binding precedent in *Groves*.[2] *Id.* at 444 n.15. The *Davis* holding governs: a violation of South Carolina Code § 44-53-375(B) does not categorically exempt a distribution offense from being a controlled substance offense. If sentenced today, Defendant would still be considered a career offender because his § 44-53-375(B) conviction would still be considered a drug offense.[3]

Defendant next asserts that his "record in the BOP is indicative of his rehabilitation." Dkt. 221. There is much that is positive in his telling of his changed circumstances and mindset, including his following institutional rules, taking advantage of rehabilitative classes, and earning his CDL. *See id*. However, even such commendable strides toward rehabilitation fail to warrant a sentence reduction. *See* 28 U.S.C. § 994(t) (stating that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction); *United States v. McCoy*, 981 F.3d 271, 286 n.9 (4th Cir. 2020) (explaining that rehabilitation can be considered as "one among other factors" but cannot serve independently as an extraordinary and compelling reason).

Individually or collectively, Defendant's proffered reasons for a sentence reduction are either not cognizable or considered "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[4]

---

[2] Four days after *Jackson* was decided, the Fourth Circuit held that inchoate conduct involving the distribution of cocaine qualifies as a controlled substance offense under the career offender sentencing guidelines. *United States v. Groves*, 65 F.4th 166, 173 (4th Cir. 2023).

[3] His status as a career offender exists because (1) he was at least eighteen years old at the time he committed the armed robbery; (2) the armed robbery is a felony that is a crime of violence; and (3) he has two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1.

[4] Because the Court holds that Defendant has not established "extraordinary and compelling reasons" for a reduction in sentence, the Court need not proceed to analysis of the § 3553(a) factors.

Accordingly, Defendant's Amended Motion for Compassionate Release is hereby **DENIED**. Dkt. 221. His prior Motions for Compassionate Release, which were superseded by the Amended Motion for Compassionate Release, Dkt. 221, are likewise **DENIED.** Dkts. 210, 220.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to Defendant, all counsel of record and to the U.S. Marshals Service.

Entered this 15th day of August, 2024.

*[signature: Norman K. Moon]*

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE